Potter, J.
This is an appeal from a judgment entered upon the verdict of a jury and upon a denial of a motion for a new trial upon the minutes of the court.
The policy under which the plaintiff claims he was insured by the defendant bears date the 16th day of February, 1885, and is in due form in all respects.
Four days after the date of the policy, to wit, on the twentieth day of February, the property, a slaughterhouse, was destroyed by fire. On the succeeding day the Eolicy was actually delivered by the defendant’s agents, R Beach and son.
The action is brought upon this policy.
There is no question that the Messrs. Beach were the agents of defendant and authorized to effect insurances in *258 its behalf under ordinary circumstances, but it is contended by the defendants that they were also the agents" and authorized to insure in behalf of other insurers, arid that as such agents they had insured this very risk and that a valid policy of insurance had been issued by the Imperial insurance company and that such policy was valid and in full force at the time the property was destroyed.
There is no question that Messrs. Beach, as agents of The Imperial Insurance Company, had issued and delivered such policy to the plaintiff, and that it remained in plaintiff’s possession until the day after the fire; that then and after the agents had knowledge of the fire, the imperial policy "was surrendered by plaintiff to the Messrs. Beach, and plaintiff received from them the policy of the defendant, upon which this action is based.
It is not contended by either side, that both of these policies were in force at the time of the fire. Such contention would be totally incompatible with the application and agreement to insure, and the provisions of the policies themselves.
But the plaintiff contends that the defendant’s policy only Was in force at the time of the fire, and the defendant contends that only the policy of the imperial was then in force.
Of course the question before the' court is whether the defendant’s policy was in force; and whether the imperial policy was in force or not, is only involved for the purpose of determining that question.
The solution of that question will depend largely, if not wholly, upon the agreement between plaintiff and the Messrs. Beach, the agents of these companies.
This agreement is evidenced by the conversation had between the plaintiff and the agents of these companies and their conduct in relation to this insurance.
On the 22d of January, 1885, one of the Messrs. Beach called upon the plaintiff at his store and told the plaintiff he had renewed one of his policies of insurance, and plaint-tiff then applied to Mr. Beach for an insurance upon his slaughter-house for $700, and asked what would be the rate, and was informed it would be one and one-half per cent, and that he would place it in the Imperial; that he thought that company would carry it, and that if it would not, he would place it in some other company, and that to this “ all
From this conversation the.jury could and did, from the manner in which the case was submitted to them, very properly determine that there was an agreement that plaintiff was to be insured for the sum of $700 upon his slaughter house. and the rate of one and one-half per cent *259 for a year in the Imperial Company if it would consent to do so, and if-not, by- some other company that: would consent to do so upon those terms. In effect the agreement was to insure the plaintiff in the Imperial, or if it declined the risk, then in any company that would consent to carry the risk.
Accordingly the Messrs. Beach delivered to plaintiff a policy in the Imperial on the 31st of January following, and the plaintiff accepted and paid them at the proposed rate, §10.50, as the premium. But shortly after, and on the 5th day of February following, the Imperial directed their agents, Messrs. Beach, to cancel the policy unless they could get a premium of two and a half per cent, and the Messrs. Beach canceled the policy.
Under the agreement with plaintiff it was the duty of the Messrs. Beach to place the risk in some other company at the agreed rate, and accordingly they placed it in the North British, etc., Company on the 7th of February, and that company, on the 13th of February, declined the risk, or expressed their,dissatisfaction with it.
Then it became the duty of the Messrs. Beach under the-agreement to place the risk in some other company, and* the same was placed with the defendant on the 16th day of. February following. ¡
The manner in which insurance is effected through established agencies, and it was so effected in this case, is for the companies to leave with their agents policies signed by the proper officers to make the contract of insurance, and to allow the agent to fill in the name of the insured, the property, the amount to be insured and the rate, etc., to deliver to the party seeking insurance and to collect the premium. The right is reserved in the policy for the insurer to decline the risk at once, or to cancel it at any time upon terms prescribed in the policy. In the case of the Imperial the policy provided that it might be canceled by the company giving notice to that effect to the insured,, or to the persons Messrs. Beach, who procured the insurance to be taken. The Imperial gave such notice to Messrs. Beach, who canceled the policy accordingly.
The legal effect of the insurance and cancellation of policies in this manner is that a party is insured from the time of agreement or the issuance of the policy, until the company declines the risk and cancels the policy by giving the notice prescribed in the policy. Hence it seems to_ me the insurance by the Imperial was effectually terminated in two ways, one, by force of the agreement between plaintiff and the agents of the Imperial, that if it declined to carry the risk, these men, acting as the agents of other companies,. *260 would procure insurance for the plaintiff in one of the other companies.
I can perceive nothing in this mode, illegal, unreasonable, or at all violative of the provisions of the policy of the Imperial in terminating the insurance with that company. It was entirely competent for the plaintiff to go to the office of the Imperial and there agree to cancel its policy or to releasé it from further liability and instantly upon doing, so, the plaintiff would be at liberty to enter into a valid contract of insurance with any other company.
The plaintiff and the Imperial were as between themselves competent to terminate the insurance at any time in any manner they might choose.
. This they did in the manner agreed upon in the out-set between the plaintiff and the agents of the Imperial, as well as in the mode prescribed in the policy of the Imperial and having done so, it is not very easy to perceive how it effects the rights of the defendant or gives it a defense in this action.
The cases cited by defendant’s counsel in his brief are plainly distinguishable from this'case.
These views apply with equal force to the policy issued by the North British Company and the conduct of that company.
. There was more or less evidence received upon the trial for the purpose of showing that the conduct of the plaintiff and of the Messrs. Beach did not square with the agreement to which they- testified, such as the fact that the policy of the Imperial remained in the handy of the plaintiff until after the fire and was then surrendered to Messrs. Beach who at the same time delivered to the plaintiff the policy in , suit, which had remained with Messrs. Beach from its date; their retention of the premium first received by them for the Imperial, and afterwards sending the same- to the defend.ant, and correspondence between the defendant and the Messrs. Beach in relation to the premises, etc.
; But all this evidence was submitted to the jury with more or less of explanation, and the jury found the agreement as claimed by the plaintiff, and I can see no just ground to interfere with their verdict.
These views would seem to dispose of this case and render it unnecessary to consider the contention of the plaintiff in relation to the effect of returning the premium to the Messrs. Beach and not to the plaintiff.
I have not overlooked the various exceptions to the rulings in relation to the evidence and think they do not require a new trial.
Judgment should be affirmed, with costs.
Lakdon and Parker, JJ., concur.